This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                  **NO. 30,601**

**ROBERT GONZALO MEDINA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Freddie J. Romero, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

On motion for rehearing, the opinion filed February 1, 2011, is withdrawn, and the following opinion is substituted in its place. The motion for rehearing is otherwise denied.

Defendant appeals the revocation of his probation. We issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition to our calendar notice. We have duly considered the memorandum in opposition, but we are not persuaded by Defendant's arguments. We therefore affirm.

In our calendar notice, we addressed Defendant's claims that probation was not included in the plea agreement, and that the revocation of probation amounted to an increase in his sentence. In response, Defendant concedes that the judgment and sentence was not invalid and concedes that the district court was entitled to place Defendant on probation based on the suspension of all or part of the sentence. However, Defendant continues to claim that the addition of probation in the judgment and sentence was treated by Defendant as "additional conditions of parole," and the two orders of probation, signed by Defendant after his release from prison, amounted to an increase in his sentence, making his sentence illegal.

In the memorandum in opposition, Defendant raises a number of arguments that were not properly preserved. For example, Defendant includes arguments regarding the wording in the judgment and sentence, the lack of a formal proceeding with regard

to the orders of probation signed by Defendant, and claims that Defendant was coerced into signing the probation orders and into agreeing that he understood them without advice from an attorney. In order to preserve an issue for appeal, defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon. *State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280. The court will not search the record to find whether an issue was preserved where defendant did not refer the court to appropriate transcript references. *See State v. Rojo*, 1999-NMSC-001, ¶ 44, 126 N.M. 438, 971 P.2d 829. We will not address any arguments that were not properly preserved in the district court.

Even if the arguments were properly preserved and included in the record below, we affirm the decision of the district court. The judgment and sentence included a provision that a portion of the underlying sentence be suspended. [RP 46] The judgment stated, "[a]s a condition of the probation and the suspension, the Defendant is required to comply with the standard conditions of probation and with" certain special conditions. [Id.] As indicated by the language in the judgment and as permitted under NMSA 1978, Section 31-20-5 (2003), the district court imposed probation after suspending a portion of the sentence. Section 31-20-5(A), limits the total period of probation to five years. When Defendant was released from prison, he

signed an order of probation that included a term of less than five years from the date of his release. [RP 50] After violating his probation, Defendant signed an amended order of probation that included a term of less than five years. [RP 98] For both orders, Defendant signed a statement that he read and understood the terms of the probation orders. Defendant did not attempt to change the probation requirement included in the judgment and sentence, and he did not challenge the probation orders presented to him. In fact, Defendant signed both probation orders agreeing to abide by probation terms set out in those orders. The district court did not abuse its discretion in determining that Defendant violated the terms of his probation. *See State v. Phillips*, 2006-NMCA-001, ¶ 10, 138 N.M. 730, 126 P.3d 546.

For the reasons discussed in this opinion and in our calendar notice, we affirm the district court's decision.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

4

_____

**LINDA M. VANZI, Judge**